IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDRIC MORRIS WILLIAMS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-01853-G (BT) |
| | § | |
| EVELYN CASTRO, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Eddric Morris Williams, an inmate at the Texas Department of Criminal Justice (TDCJ) William G. McConnell Unit, brings this *pro se* action for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated, the Court should dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure or, in the alternative, under 28 U.S.C. § 1915A.

I.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the

1

disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Williams has failed to comply with three court orders to file his habeas claims on the court-approved form.

At the time this lawsuit was filed on July 14, 2020, Williams did not pay the filing fee or file a motion to proceed *in forma pauperis* in this case. He also did not file his habeas corpus pleadings on the court-approved form. Accordingly, on August 3, 2020, the Court mailed Williams an Order and Notice of Deficiency informing him that he had not paid the filing fee or filed a proper request to proceed *in forma pauperis* and his petition was not filed on the court-approved form. (ECF No. 4.) The Court informed him that failure to remedy these matters within 30 days could result in a recommendation that his petition be dismissed.

On August 24, 2020, the Court received Williams's motion to proceed *in forma pauperis* (ECF No. 5). After determining that Williams had sufficient assets to pay the full filing fee, the Court deferred ruling on the motion and gave Williams 30 days to pay the filing fee. On October 21, 2020, Williams paid the filing fee.

On October 22, 2020, the Court mailed Williams a second Order and Notice of Deficiency notifying him again that his habeas corpus pleadings were not on the court-approved form. (ECF No. 9.) The Court granted Williams an additional 30 days to cure this deficiency and informed him that failure to do so could result in a recommendation that his petition be dismissed.

On November 17, 2020, the Court received a handwritten, amended petition—not on the court-approved form—addressed to the Supreme Court of the United States of America. Am. Pet. (ECF No. 10). In it, Williams asserts that he was never convicted of a crime and he is being held unlawfully under "debt bondage/peonage." *Id.* 2. He states that that he has not been released from custody despite his tender of a $20 million "negotiable instrument." *Id.* He further claims that he is being held unlawfully under "a void commitment order" issued by "an Article I Administrative Court," which lacks jurisdiction to keep him in custody. *Id.* 3. Finally, Williams appears to allege that he is being forced to provide services to the State of Texas against his will. *Id.* 2.

On January 8, 2021, the Court mailed Williams a third Order and Notice of Deficiency informing him that his petition still was not filed on the court-approved form and giving him one final opportunity to cure the deficiency. (ECF No. 11.) The Court informed him that failure to do so within 30 days could result in a recommendation that his petition be dismissed. On February 5, 2021, the Court received a typed "Declaration" (ECF No. 13) from Williams, stating that he is being unlawfully held as a surety for a debt despite the fact that he has tendered a bill of exchange under the Texas Business and Commerce Code § 3-603 which should discharge his debt.

The Court is unable to screen Williams's habeas corpus action without certain specific information, which is requested in the court-approved form. Williams has failed to obey three court orders to file his habeas petition on the

3

court-approved form. And, despite his many filings, he has not otherwise provided the information necessary to screen his petition. Therefore, the Court should dismiss his case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

II.

To the extent Williams attempts to raise a separate claim that he is being subjected to slavery because he is required to work in prison, the Court should dismiss it under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

The Court liberally construes Williams's pleadings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "a pro se [petition], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Here, Williams states, without elaboration, he is being forced to provide services under a surety bond to the State of Texas against his will. Am. Pet. 2. He also makes passing references to slavery and involuntary servitude. *Id.*

These allegations lack sufficient facts to state a claim for relief. Further, the Fifth Circuit has held that inmates sentenced to incarceration cannot state a viable claim if the prison system requires them to work. *Ali v. Johnson*, 259 F.3d 317, 317 (5th Cir. 2001). Accordingly, his claim should be dismissed under 28 U.S.C. § 1915A.

## Conclusion

The Court should DISMISS Williams's *pro se* action without prejudice under Rule 41(b) or DISMISS it under 28 U.S.C. § 1915A.

February 25, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).