IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDRIC MORRIS WILLIAMS, | § | |
| Petitioner, | § § § | |
| v. | § § | No. 3:20-cv-01853-G (BT) |
| EVELYN CASTRO, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Eddric Morris Williams's "Motion To Alter Or Amend The Judgment" under Rule 59(e). (ECF No. 18). For the reasons stated, the Court should DENY Williams's motion.

I.

Williams filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. (ECF No. 3). On August 3, 2020, the Court sent Williams an Order and Notice of Deficiency (ECF No. 4), which informed him that he had not paid the $5.00 filing fee or filed a request to proceed *in forma pauperis*, and his habeas corpus pleadings were not on the appropriate form. The Court warned Williams that failure to cure the deficiencies within 30 days could result in a recommendation that his petition be dismissed.

On August 24, 2020, the Court received Williams's motion to proceed *in forma pauperis* (ECF No. 5). On August 26, 2020, the Court deferred ruling on the

1

motion and gave Williams 30 days within which to pay the $5.00 filing fee. On September 18, 2020, the Court received Williams's affidavit (ECF No. 7), which included a copy of an "Inmate Request For Withdraw" from Williams to the Texas Department of Criminal Justice (TDCJ) directing $5.00 be sent to the U.S. District Court in Dallas, Texas. On October 19, 2020, the Court sent Williams a "Notice" (ECF No. 8), which informed him that the Court had not received his funds. On October 21, 2020, the Court received Williams's $5.00 filing fee.

The next day, the Court sent Williams a Second Order and Notice of Deficiency (ECF No. 9), which reminded him that his habeas corpus pleadings were not filed on the appropriate form. The Court again warned Williams that failure to correct this deficiency within 30 days could result in a recommendation that his petition be dismissed. On November 17, 2020, the Court received Williams's amended petition (ECF No. 10), but it was not on the appropriate form.

On January 8, 2021, the Court sent Williams a Third Order and Notice of Deficiency (ECF No. 11), which again advised him that his habeas corpus pleadings were still not filed on the appropriate form. The Court repeated its warning to Williams that failure to correct this deficiency within 30 days could result in a recommendation that his petition be dismissed. On February 5, 2021, the Court received a "DECLARATION" (ECF No. 13) from Williams.

On February 25, 2021, the undersigned magistrate judge issued findings and conclusions, recommending that the Court dismiss Williams's habeas action without prejudice under Federal Rule of Civil Procedure 41(b). FCR (ECF No. 14).

The undersigned explained that the Court cannot screen Williams's habeas corpus action without certain specific information, which is requested in the court-approved form. *Id.* The undersigned recommending dismissing William's petition because he repeatedly refused to provide the information necessary to screen his case.

Williams filed objections, but they were overruled, and on March 8, 2021, the Court accepted the magistrate judge's findings, conclusions, and recommendation and entered judgment. Ord. (ECF No. 16); J. (ECF No. 17). Thereafter, on April 8, 2021, the Court received Williams's motion seeking to alter or amend the Court's March 8, 2021 judgment. Mot. (ECF No. 18).

II.

A motion seeking reconsideration of a prior ruling is evaluated either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) as a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion more than twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Williams filed his motion on April 5, 2021, 28 days after the Court entered its judgment on March 8, 2021.[1] Therefore, the Court considers the

---

[1] A prisoner's pleading is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Williams's motion is signed and dated April 5, 2021. Mot. 3 (ECF No. 18).

motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.).

Under Rule 59, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law. . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers a Rule 59 motion, it is must recognize "the need to bring litigation to an end and the need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III.

As a threshold matter, Williams's motion should be denied because it is an impermissible substitute for an appeal. Williams seeks to overturn this Court's judgment, but he failed to appeal this Court's order of acceptance and judgment to the Fifth Circuit Court of Appeals.

Moreover, even if Williams's motion were appropriate, it should still be denied on the merits because—even liberally construing his arguments—he has failed to show that he is entitled to Rule 59 relief. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining lower standard for *pro se* pleadings.). Williams summarily states that if this Court does not correct its "clear error," "manifest justice" will result. Mot. 2 (ECF No. 18). Williams then claims that if this Court does not "alter or amend" its judgment: (1) he will be denied "his right of election of remedies" under Federal Rules of Civil Procedure 7 and 8; (2) he will be denied his guaranteed right to judicial notice under Federal Rule of Evidence 201; (3) he will be denied his right to proceed under "Original writ jurisdiction and the right of an adversary Process and forced into an ex Parte Proceeding as the writ was never served"; (4) the wrongful dismissal of his case under Federal Rule of Civil Procedure 41(b) will stand; and (5) Federal Rule of Civil Procedure 64 allows him to elect the remedies provided for under "42 U.S. C. § 1994 Peonage 42 U.S.C. § 1998 common Law vindication of Rights when Plaintiff is unable to secure the writ under other statutes." *Id*. These claims are frivolous and without merit. Williams has failed to present any argument demonstrating that he is entitled to relief from this Court's judgment dismissing his § 2254 petition under Rule 41(b).

**RECOMMENDATION**

The Court should DENY Williams's Rule 59 motion (ECF No. 18).

May 7, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).